# IN THE UNITED STATES DISTRICT COURT

FILED
2026 FEB 23 PM 4:51
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

# FOR THE WESTERN DISTRICT OF TEXAS

# AUSTIN DIVISION

**Bo Morkovsky, Plaintiff**

**V.**

**Robert Williams, Mitchell Dworski, Kevin Little, Joseph Hines, Andrew Martinez, Joshua Haycraft, Aaron Cawthon, Thomas Consentino, Mark Garcia, Matthew Plocica, Pedro Reyes, James Moore, Maurice Cook, & Amanda Grayson, Defendants**

---

## Civil Action No: 1:26 CV 00421 RP

---

# COMPLAINT UNDER 42 U.S.C. § 1983 FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS

---

**I.INTRODUCTION:**

- This is a civil rights action brought under 42 U.S.C. § 1983 to redress

Violations of Plaintiff's rights under the Fourth Amendment to the United

States Constitution.

- Defendants conducted an unlawful, excessive and unreasonable search

And seizure at which they also failed to follow proper procedure of executing

That warrant by failing to knock and announce their presence and present the

Warrant.

# I. JURISDICTION AND VENUE

- This court has jurisdiction under 28 U.S.C. § 1331 and 1343, because

This action arises under the Constitution and laws of the United States.

-    Venue is proper in the Western District of Texas, Austin Division, under

28 U.S.C. § 1391 (b) and 1343(a)(3) (civil rights) because the events giving rise to

this claim occurred in Bastrop, Texas, which lies within this District.

---

# III. PARTIES

-Plaintiff: BO MORKOVSKY, Is a resident of Bastrop, Texas residing in the

Hidden shores loop community in Smithville,Texas in Bastrop County.

-Defendant's :  Sworn police officers employed by the

Bastrop County sheriff's office, sued in their individual capacities.

-The Bastrop county sheriff / policy maker / holder, Maurice Cook is being

sued in his individual And official capacity.

---

# III. ALLEGATIONS

1.  Officer Robert Williams

# IIII. STATEMENT OF FACTS

1.On February 23, 2024, at 6:40am, Plaintiff was standing in

his yard unarmed and not a threat  at 167 hidden shores loop

Smithville,Texas.

2.Defendant Officer Robert Williams along with several other officers initiated

A unreasonable excessive and very violent  search warrant execution at the

residence of Plaintiff.

1.  The warrant was a standard search warrant. There were no high-risk factors, no exigent circumstances, and no information suggesting that a dynamic or militarized entry was necessary or justified. The district clerk confirmed by recorded phone call that the warrant was not approved to be a no knock that it was just a basic warrant thus it did not meet the standards authorizing officers to ignore the knock and announce rule or enter with such violence.

2.  At the time the officers arrived, Plaintiff was standing in the yard approximately ten feet from the roadway and fully visible and unarmed.

3.Despite Plaintiff's visible presence and the absence of any threat, officers deployed an MRAP (Mine Resistant Ambush Protectant) military-style vehicle

and drove it through Plaintiff's fence as to try to escalate the situation just stopping approximately five feet in front of Plaintiff.

3. The flash-bangs caused two dogs to flee upstairs inside the RV. The dogs became cornered and frightened. Officers refused to enter the upstairs area while the dogs were there and instead attempted to taunt the dogs down using their tasers.

4. ?????One officer laughed and asked another, "Can we just shoot them," referring to the dogs.??????

5. Officers then searched the remainder of the property and caused extensive and unnecessary damage, including breaking doors that were not locked and ignoring offers by plaintiffs to provide access codes for locked structures.

6. When searching the rv located at 170 Hidden Shores Loop, officers removed items from a back room and threw them out onto the ground without justification and with malice.

7. During the search, one deputy observed a security camera and intentionally cut its power cord with a knife.

8. Officers repeatedly exceeded the scope of the warrant by going through Plaintiff's personal papers, journals, and documents for an extended period of time.

9. When Plaintiff's girlfriend, Amanda Klaus, asked why officers were present, she was told to "shut the fuck up." Clearly a violation of her 1st amendment right by an officer acting under color of law. When she asked again, officers laughed and stated, "Oh, you know why."

10. When Plaintiff requested to see the warrant, Defendant Kevin Little Placed Plaintiff in the back of his patrol vehicle and stated that Plaintiff was going to jail. When Plaintiff asked for the reason, Defendant Little refused to answer.

11. While transporting Plaintiff to the Bastrop County Jail, Defendant Little provided only a partial Miranda warning after several minutes of ignoring Plaintiff's questions to why he was being arrested and taken to jail.

12. Plaintiff remained in custody for several hours. Plaintiff later observed Ms. Klaus being brought into the jail, despite having no criminal history and never having received even a traffic citation.

13. Plaintiff asked investigator Robert Williams why Ms. Klaus had been arrested. The investigator stated she was being charged with drug possession. Plaintiff believed this to be false and asked whether Ms. Klaus would be released if Plaintiff claimed ownership of the alleged contraband. The investigator stated yes and asked Plaintiff to put it in writing.

14. The investigator then took Plaintiff into a recorded interview room and conducted an interrogation. At the conclusion of the interrogation, the investigator stated, "The only thing you've got going for you is it's been more

than five years," to which Plaintiff responded, "So you admit you had no grounds to raid me." Or "arrest me" let alone seize legally owned property.

15. The investigator also told Ms. Klaus that the reason for the level of force used during the raid was "exigent circumstances," despite the lack of any such circumstances nor was such a thing mentioned in his reports that would indicate the hint of exigent circumstances given the delay of the search from the date of the report by the complainant.

16. The warrant itself referenced the search and seizure of cell phone devices but did not authorize the search of vehicles, structures, sheds, Rv's or homes and surely didn't authorize the seizure of firearms, ammunition or firearm components.

17. The probable cause supporting the warrant consisted of unverified hearsay and fabricated information. Plaintiff believes the warrant and raid were deliberately coordinated between the Bastrop County Sheriff's Office and a neighbor with the intent to cause Plaintiff harm or ensure Plaintiff's arrest or removal.

23. Plaintiff also has witnesses that warned him and his family prior to the raid that they were in danger and he wanted no part while the neighbor was planning something to get rid of plaintiff and his girlfriend Amanda Klaus and he started to see how dark it was and that people were going to get hurt he felt obligated to warn my mother to let us know.

---

# IV. CAUSES OF ACTION

## Count I – Violation of the Second Amendment (42 U.S.C. § 1983)

Plaintiff alleges that Defendants, acting under color of state law, interfered with, restricted, or unlawfully deprived Plaintiff of the right to keep and bear arms as protected by the Second Amendment to the United States Constitution. Defendants' actions were not justified by law, were not narrowly tailored, and were undertaken with deliberate indifference to Plaintiff's constitutional rights. Defendant even stated in the probable cause for his search warrant that it was in fact legal for plaintiff to possess firearms.

## Count II – Violation of the Fourth Amendment (42 U.S.C. § 1983)

Plaintiff alleges that Defendants conducted an unreasonable search and/or seizure, lacked probable cause, used excessive force, or otherwise violated Plaintiff's Fourth Amendment rights. These actions were performed under color of state law and directly caused Plaintiff's injuries.

## Count III– Violation of the Fifth Amendment (42 U.S.C. § 1983)

Plaintiff alleges that Defendants deprived Plaintiff of liberty or property without due process of law, compelled statements, or otherwise violated rights secured by the Fifth Amendment. Defendants acted under color of state law and their conduct caused Plaintiff harm.

## Count IV-Violation of the Sixth Amendment (42 U.S.C. 1983)

Plaintiff alleges Defendants under color of law violated his Sixth Amendment rights:

Right to Be Informed of the Nature and Cause of the Accusation; Right to Confront Accusers)

1. Plaintiff realleges and incorporates all preceding paragraphs as though fully set forth herein.

2. On or about 2/23/2024, Defendants, acting under color of state law, arrested Plaintiff without informing Plaintiff of the nature or cause of the accusations against them.

3. During the arrest, Plaintiff repeatedly requested to know the reason for the arrest and to see any warrant authorizing the seizure. Defendants refused to provide this information and did not present any warrant.

4. By refusing to inform Plaintiff of the charges or basis for the arrest, Defendants deprived Plaintiff of the Sixth Amendment right to be informed of the nature and cause of the accusation.

5. Defendants further violated Plaintiff's Sixth Amendment rights by preventing Plaintiff from knowing the identity of any complainant or accuser, thereby denying Plaintiff the constitutional right to confront the witnesses or accusations against them.

6. As a direct and proximate result of Defendants' conduct, Plaintiff suffered loss of liberty, emotional distress, and other damages to be proven at trial.

## Count V– Violation of the Eigth Amendment (42 U.S.C. § 1983)

Plaintiff alleges that Defendants subjected Plaintiff to cruel and unusual punishment, excessive force, excessive bail and deliberate indifference, and or other conduct prohibited by the Eighth Amendment. These actions occurred under color of state law.

## Count VI- Violation of the Ninth Amendment (42 U.S.C. 1983)

Defendants conducted an unlawful search by exceeding the scope of the warrant, violating Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures. This conduct also constituted an unjustified intrusion into Plaintiff's personal privacy, a fundamental liberty interest retained by the people and recognized in part through the Ninth Amendment."

* This keeps the Fourth Amendment as the legal basis while acknowledging the privacy interest the Ninth Amendment helps articulate *

## Count VII – Violation of the Fourteenth Amendment (42 U.S.C. § 1983)

Plaintiff alleges that Defendants violated Plaintiff's rights to due process and equal protection under the Fourteenth Amendment. Defendants' conduct was arbitrary, discriminatory, and undertaken under color of state law.

### Count VII– Violations of the Texas Constitution / Texas Bill of Rights

Plaintiff alleges that Defendants violated rights guaranteed by the Texas Constitution, including but not limited to:
• Article I, § 8 (freedom of speech)
• Article I, § 9 (searches and seizures)
• Article I, § 10 (rights of the accused)
• Article I, § 19 (due course of law)
• Article I, § 23 (right to keep and bear arms)


* Texas does not allow monetary damages for state constitutional violations, but plaintiffs may seek declaratory or injunctive relief *

### Count VII – Municipal Liability (Monell Claim) Against Bastrop County

CHANGE THIS…..Defendant Sheriff Maurice Cook, as final policymaker, maintained policies, customs, or practices that were the moving force behind the constitutional violations.

---

# V. DAMAGES

Plaintiff seeks compensatory damages, punitive damages (against individual defendants), declaratory relief, injunctive relief, and ALL attorney's fees under (42 U.S.C. § 1988)

---

# VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

---

# VII. PRAYER FOR RELIEF

Plaintiff respectfully requests:

- Compensatory damages;
- Punitive damages against individual defendants;
- Declaratory and injunctive relief;
- Attorney's fees and costs under 42 U.S.C. § 1988;
- Any other relief the Court deems just and proper.

---

## Respectfully submitted,

Bo Morkovsky
fightforjustice51@gmail.com / 737-396-4584

Pro Se Plaintiff

*[signature: Bo Morkovsky]*

2/23/2026

167 hidden Shores loop
Smithville Tx 78957