IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BO MORKOVSKY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:26-CV-421-RP |
| | § | |
| ROBERT WILLIAMS, et al., | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

Before the Court is the report and recommendation of United States Magistrate Judge Mark

Lane concerning Plaintiff Bo Morkovsky's ("Plaintiff") complaint, (Dkt. 1), issued pursuant to 28

U.S.C. § 1915(e), 28 U.S.C. § 636(b), and Rule 1(d) of Appendix C of the Local Rules of the United

States District Court for the Western District of Texas. (R. & R., Dkt. 8). In the report and

recommendation, the United States Magistrate Judge recommends that the Court dismiss Defendant

Bastrop County Sheriff Maurice Cook ("Defendant Cook") pursuant to 28 U.S.C. § 1915(e)(2) and

otherwise allow Plaintiff's case to proceed. (*Id.* at 3). The United States Magistrate Judge reasons that

Plaintiff, in his initial Complaint, (Dkt. 1), did not plead the elements required for a municipal

official to be held liable for constitutional violations under 42 U.S.C. § 1983 and *Monell v. Dep't of

Social Services*, 436 U.S. 658 (1978). For municipal liability to attach, the plaintiff must show three

elements: (1) a policymaker; (2) an official policy; and (3) a "violation of constitutional rights whose

'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)

(quoting *Monell*, 436 U.S. at 694). The United States Magistrate Judge also denied Plaintiff's Motion

to Appoint Counsel, (Dkt. 3). (R. & R., Dkt. 8, at 3). Plaintiff timely filed objections to the report

and recommendation. (Objs., Dkt. 13). Also, Plaintiff filed a Motion for Leave to Amend the

Complaint to add allegations supporting a *Monell* claim against Defendant Cook. (Mot., Dkt. 12).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b). Because Plaintiff timely objected to the report and recommendation's finding that Defendant Cook should be dismissed, the Court reviews the report and recommendation *de novo*. Having conducted a *de novo* review, the Court agrees with the United States Magistrate Judge's analysis and adopts the report and recommendation as its own order, with one modification based on Plaintiff's motion to amend his complaint.

The Court will allow Plaintiff to amend his complaint in response to the deficiencies identified by the United States Magistrate Judge. In Plaintiff's proposed Amended Complaint, (Dkt. 12-1), he pleads a *Monell* claim against Bastrop County Sheriff Maurice Cook, alleging that his Fourth Amendment rights were violated because of policies and customs within Bastrop County of issuing overbroad warrants and warrants based on false information, due to a failure to train and supervise staff within the County. (Mot., Dkt. 12-1, at 5−9). A *pro se* litigant should "[g]enerally . . . be offered an opportunity to amend" before a claim is dismissed. *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend their pleading "once as a matter of course" within "21 days after serving it"; Plaintiff filed his Motion to Amend, (Dkt. 12), before service was completed. Accordingly, the Court will grant Plaintiff's Motion to Amend, (Dkt. 12).

Plaintiff also objects to the United States Magistrate Judge's Order denying his Motion to Appoint Counsel and seeks *de novo* review of that Order, (R. & R., Dkt. 8, at 5). (Objs., Dkt. 8, at 2−5). However, Plaintiff misstates the standard for reviewing the Order. This Court is not required to review *de novo* a decision of the United States Magistrate Judge on a non-dispositive motion upon objection from a party; rather; a district judge may reconsider any pretrial matter determined by a

magistrate judge where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995). The clearly erroneous or contrary to law standard of review is "highly deferential" and requires the court to affirm the decision of the magistrate judge unless, based on the entire evidence, the court reaches "a definite and firm conviction that a mistake has been committed." *Gomez v. Ford Motor Co.*, No. 5:15-CV-866-DAE, 2017 WL 5201797, at *2 (W.D. Tex. Apr. 27, 2017) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). The clearly erroneous standard "does not entitle the court to reverse or reconsider the order simply because it would or could decide the matter differently." *Id.* (citing *Guzman v. Hacienda Records & Recording Studio, Inc.*, 808 F.3d 1031, 1036 (5th Cir. 2015)). The Court finds that the decision of the United States Magistrate Judge to deny Plaintiff appointed counsel, (R. & R., Dkt. 8, at 5), was not clearly erroneous or contrary to law, and overrules Plaintiff's Objections on this point, (Objs., Dkt. 8, at 2–5)

Accordingly, the Court **ORDERS** that the report and recommendation of the United States Magistrate Judge, (Dkt. 8), is **ADOPTED**, with the modification that Defendant Maurice Cook is not dismissed from the case pursuant to Plaintiff's Amended Complaint, (Dkt. 12-1), which was filed after the report and recommendation issued.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend, (Dkt. 12), is **GRANTED** and that the Clerk of the Court file Plaintiff's Amended Complaint, (Dkt. 12-1), on the docket.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall issue summons and the United States Marshal is ordered to commence service of process of Plaintiff's Amended Complaint upon Defendants Maurice Cook and Curtis Franks under Rules 4 and 5 of the Federal Rules of Civil Procedure.

**SIGNED** on April 16, 2026.

_____

ROBERT PITMAN