**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **BO MORKOVSKY,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | **A-26-CV-421-RP-ML** |
| **ROBERT WILLIAMS, et al.,** | § | |
| **Defendants.** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE:

The Magistrate Judge submits this Report and Recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The undersigned previously granted leave for Morkovsky to proceed *in forma pauperis* and submitted recommendations on the merits of Morkovsky's claims to the District Judge. Dkt. 8. Morkovsky then moved to amend his Complaint, Dkt. 12, and the District Judge granted leave to amend, Dkt. 14.

In his Amended Complaint (Dkt. 15), Morkovsky added a new Defendant, Curtis Franks, to this action. Morkovsky again moved to amend his complaint, making Morkovsky's Second Amended Complaint ("SAC") the live complaint. Dkt. 28 (SAC). However, no § 1915(e) review of Morkovsky's claims against Franks was ever conducted. Accordingly, the undersigned now reviews the merits of Morkovsky's claims against Franks.

Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who

is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 20–21 (1972). However, *pro se* status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Morkovsky alleges that Franks, his next-door neighbor, "under color of state law by jointly participating with BCSO deputies" participated in the unconstitutional search, seizure, and use of force against Morkovsky. Dkt. 28 (SAC) at 16. Morkovsky alleges Franks entered into an understanding or meeting of the minds with the BCSO deputies to violate Morkovsky's constitutional rights and provided the deputies with misleading and malicious information. *Id.* Morkovsky alleges Franks had made over 17 documented complaints to the BCSO that served as the basis for the unlawful search and seizure. *Id.* at 17-18. Morkovsky brings claims for violations of the United States Constitution under 42 U.S.C. § 1983 and violations of the Texas Constitution against all Defendants, including Franks.

For a private citizen to be held liable under § 1983, the plaintiff must allege that the citizen conspired with or acted in concert with state or municipal actors. *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004); *Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir. 1989). More specifically, the Fifth Circuit has repeatedly explained that private parties do not qualify as state

actors in § 1983 suits absent allegations that the "the challenged conduct may be fairly attributable to the State." *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999). Allegations of conspiracy "that are merely conclusory, without reference to specific facts, will not suffice." *Priester*, 354 F.3d at 420. The Fifth Circuit has held that merely communicating with police officers, without something more, hardly brings an otherwise private actor into the State's orbit for § 1983 purposes. *Daniel v. Ferguson*, 839 F.2d 1124, 1130 (5th Cir. 1988) ("Police reliance in making an arrest on information given by a private party does not make the private party a state actor.").

Here, Morkovsky fails to allege that Franks's conduct is in any way attributable to the BCSO deputies or any other State entity. First, Morkovsky's allegations are nothing more than conclusory statements. Second, even if the court credits Morkovsky's conclusory statements as factual allegations, Morkovsky has, at best, alleged that Franks provided BCSO deputies with misleading, potentially false information in hopes that they would arrest Morkovsky. However, such allegations are insufficient to attribute a private actor's conduct to the State. *Matthews v. Green*, No. 23-10178, 2024 WL 448352, at *4 (5th Cir. Feb. 6, 2024). Absent some "fairly attributable" conduct, Franks is not a state actor and thus cannot be the subject of a § 1983 suit. *Bass*, 180 F.3d at 312. Therefore, Morkovsky fails to allege facts demonstrating that Franks acted "under color of state law." *James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008).

Similarly, private conduct can be "state action" under the Texas constitution when the conduct can be "fairly attributed to the government." *Republican Party of Texas v. Dietz*, 940 S.W.2d 86, 91 (Tex. 1997). Thus, Morkovsky's claims against Franks pursuant to the Texas Constitution also fail.

Accordingly, the undersigned finds that Morkovsky has failed to state a claim on which relief may be granted against Franks. Thus, the undersigned **RECOMMENDS** the District Judge **DISMISS** Defendant Curtis Franks from this suit.

Should the District Judge adopt the undersigned's recommendation, the undersigned **RECOMMENDS** the District Judge **DISMISS AS MOOT** Morkovsky's Motion for Order Directing the United States Marshals Service to Re-Attempt Service of Process on Defendant Curtis Franks (Dkt. 26) and Morkovsky's Motion for Substituted Service upon Defendant Curtis Franks (Dkt. 27).

SIGNED June 24, 2026.

MARK LANE
UNITED STATES MAGISTRATE JUDGE